Henry F. Bailey, Jr.
Douglas W. Bailey
Andrew D. Bailey
BAILEY STOCK HARMON COTTAM LOPEZ LLP
6234 Yellowstone Road
P.O. Box 1557
Cheyenne, WY 82003
307-638-7745

## IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT

## STATE OF WYOMING, COUNTY OF LARAMIE

Docket 194 No. 209

| | |
|---|---|
| **DANIEL REISDORFER AND SUSAN REISDORFER,** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| **C. R. ENGLAND, Inc., a Utah Corporation, and STEVEN ATKINS,** | ) ) ) |
| Defendants. | ) ) |

**FILED**
JAN 05 2021
DIANE SANCHEZ
CLERK OF THE DISTRICT COURT

## COMPLAINT AND JURY DEMAND

Plaintiffs for the claims for relief against Defendant, allege as follows:

1. Plaintiffs are residents of Cheyenne, Laramie County, Wyoming.

2. Defendant, C. R. England, Inc. ("CR England"), is a Utah Corporation, having its principal office and place of business at 4701 W. 2100, Salt Lake City, Utah 84120, authorized to transact business in the state of Wyoming, with CT Corporation as its agent for service of process, and whose business is interstate trucking and transportation.

1



EXHIBIT B

3.  Defendant Steven Atkins was at all times relevant to this action an employee of Defendant CR England and has a last known address of 821 Pebblewood Drive, Colorado Springs, Colorado 80919.

4.  The accident that forms the subject matter of this case occurred in Laramie County, Wyoming.

5.  The amount in controversy is sufficient to invoke the jurisdiction of the District Court, and venue is proper in the District Court for the First Judicial District, Laramie County, Wyoming.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

6.  Plaintiffs allege and reallege the allegations in paragraphs 1-5 and incorporate them by this reference.

7.  On July 15, 2017, Defendant Atkins veered the CR England tractor-trailer he was driving off Highway 85 (aka the Torrington Highway) and drove in nearly a straight line across approximately 556 yards of open prairie, at an estimated speed of 60 miles per hour, breaking through four fences, traveling up an embankment and catapulting into the foundation of Plaintiffs' home and their master bedroom. Defendant made no effort to brake or otherwise avoid the collision.

8.  The collision resulted in extensive structural and cosmetic damage to Plaintiffs' home, as well as environmental contamination from diesel fuel and oil, which spilled into Plaintiffs' basement and migrated into the soil and subsurface formations beneath the home and eventually. Diesel and oil vapors, and associated components, eventually spread throughout the

residence. Environmental remediation, demolition, clean-up, and reconstruction expenses exceed Two Million Dollars ($2,000,000.00).

## FIRST CLAIM FOR RELIEF - NEGLIGENCE

9. Plaintiffs allege and reallege the allegations in paragraphs 1-8 and incorporate them by this reference.

10. Defendant CR England, through its authorized agent and employee acting within the course and scope of his employment, and Defendant Atkins were negligent in failing to keep the CR England truck in the proper lane of traffic and in driving the truck across the prairie and striking Plaintiffs' home.

11. Defendant CR England's negligence, among other specifics, included the following:

   a. Failing to properly screen, qualify, train, monitor, and/or supervise Defendant Steven Atkins.

   b. Failing to install, monitor, and/or implement mechanical and/or computer systems, including without limitation remote systems, that would have allowed intervention to prevent the collision.

   c. Failing to adopt and implement appropriate employment standards to ensure that drivers are physically, mentally, and emotionally capable of driving Defendant's tractor-trailers on the public highways.

   d. Negligent hiring and/or retention of Defendant Steven Atkins.

   e. Defendant Atkins' negligent operation of the tractor trailer.

12. Defendant Atkins failed to keep in his lane of traffic, failed to have adequate rest, failed to pull over when he allegedly became 'queezy' and needed to get some air, failed to brake or change direction before striking Plaintiffs' home, and otherwise failed to operate the tractor trailer in a safe manner on the Torrington Highway and after he veered off the Torrington Highway and drove into Plaintiffs' home. Defendant Atkins' negligence as a matter of law is attributable to Defendant CR England under the doctrine of respondeat superior.

13. As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered the following damages:

   a. Destruction of their personal residence.

   b. Contamination from oil and diesel spilled onto Plaintiffs' property.

   c. Probable contamination of soils and subsurface ground formations, including water formations.

   d. Damage to fences and landscaping.

   e. Diminished value of Plaintiffs' residence.

   f. Destruction of valuable and in some cases irreplaceable personal items, including family heirlooms.

   g. Clean-up, environmental remediation, demolition, and reconstruction costs.

   h. Loss of use of the premises.

   i. Expenses to care for the property, including Plaintiffs' livestock, while Plaintiffs were unable to reside there.

   j. Mental and emotional anguish and suffering and post-traumatic stress.

All in an amount to be more specifically proven at trial.

## SECOND CLAIM FOR RELIEF – TRESPASS

14. Plaintiffs allege and reallege the allegations in paragraphs 1-13 and incorporate them by this reference.

15. Defendants trespassed on Plaintiffs' property on July 15, 2017, when Defendants drove across Plaintiffs' pasture and catapulted their truck into Plaintiffs' master bedroom, causing catastrophic damage to the residential structure and the ground and substrata beneath the home, as hereinabove alleged.

16. Defendants had no permission, authorization, or approval to enter Plaintiffs' property or to drive their truck onto Plaintiffs' land and into Plaintiffs' home.

17. Plaintiffs are entitled to compensatory damages for the invasion of their property and the destruction caused thereby, as alleged in paragraph 13 of this Complaint, such damages to include, without limitation, the complete cost of clean-up, remediation of environmental contamination, demolition, and the complete cost of restoration, the loss of use of the property, and general damages for discomfort, annoyance, and inconvenience related thereto, all in an amount to be more specifically proven at trial.

## PRAYER FOR RELIEF

Wherefore Plaintiffs' pray for judgment in their favor and against Defendants for compensatory damages, for costs, and such other and further relief as the court deems proper.

## JURY DEMAND

Pursuant to Rule 38 of the Wyoming Rules of Civil Procedure, Plaintiffs demand all issues joined herein be tried by a civil jury of six persons. The required fee is tendered herewith.

Dated this 4 day of January, 2021.

BAILEY STOCK HARMON COTTAM LOPEZ LLP

Henry F. Bailey, Jr.
Douglas W. Bailey
Andrew D. Bailey
6234 Yellowstone Road
P.O. Box 1557
Cheyenne, WY  82003
307-638-7745
Attorney for Plaintiffs